IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,394-01 & -02






EX PARTE MARK ANTHONY LARA, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 20040D01630 & 20040D01841 IN THE 


210TH DISTRICT COURT FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
more than four grams of methamphetamine and of engaging in organized criminal activity - forgery. 
He was sentenced to ten years' and five years' imprisonment. He did not appeal these convictions.

 Applicant contends that his pleas were involuntary, his trial counsel rendered ineffective
assistance, and the State did not disclose exculpatory evidence. All of these contentions concern
whether Applicant was illegally stopped. Applicant alleges that the arresting officer stated he
stopped Applicant solely because he was not wearing a seat belt, but that the officer's videotape of
the stop clearly shows Applicant was wearing a seat belt. He alleges counsel told him that there was
no videotape of the stop, and therefore did not seek to suppress evidence seized as a result of the
stop, but that charges in federal court were subsequently dismissed because there was a videotape
which showed that Applicant was wearing a seat belt, such that the stop was not legal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to: whether Applicant's guilty pleas were the
product of evidence seized during a search of his car; whether the State proffered any evidence
showing probable cause for any such search other than Applicant's arrest for failure to wear a seat
belt; whether a videotape existed showing Applicant was wearing a seat belt at the time of his stop;
whether the State disclosed the existence of any such videotape; and whether Applicant's trial
attorney sought to suppress evidence seized during an illegal search. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 20, 2006

Do not publish